# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-1344 PA (KKx) | Date | July 25, 2019 |
|---|---|---|---|
| Title | Penny Gardner v. Durham D and M LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Durham D&M LLC ("Defendant") on July 22, 2019. (Docket No. 1.) Defendant contends that the Court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the action brought against it by plaintiff Penny Gardner ("Plaintiff"). Specifically, Defendant's Notice of Removal asserts that this Court's jurisdiction is based on section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185.

Plaintiff filed her Complaint in San Bernardino County Superior Court on June 12, 2019. (Notice of Removal ¶ 1; see Compl., Notice of Removal Ex. A.) The Complaint alleges a single claim for failure to timely pay wages to employees in violation of California Labor Code section 204, brought pursuant to California's Private Attorney General Act. (Compl. ¶¶ 1, 5, 14-18.) According to the Notice of Removal, Plaintiff and the other employees she seeks to represent were subject to collective bargaining agreements ("CBAs") between Defendant and the Teamsters Local Union No. 572. (Notice of Removal ¶ 17; see Cozza Decl. & Exs. A, B, Docket No. 5.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint." Id. at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan

JS-6
# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-1344 PA (KKx) | Date | July 25, 2019 |
|---|---|---|---|
| Title | Penny Gardner v. Durham D and M LLC, et al. | | |

v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, the plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. The only exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, Defendant contends that the Court has federal question jurisdiction because this action arises under section 301 of the LMRA. (Notice of Removal ¶¶ 11-31.) Section 301 of LMRA states that "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). The Supreme Court has interpreted section 301 to require claims "alleging a violation of a provision of a labor contract [to] be brought under § 301 and be resolved by reference to federal law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985). This preemption of state claims "extend[s] beyond suits alleging contract violations" to those requiring interpretation of the provisions of labor agreements:

> [Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by references to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

Id. at 210-11. However, the scope of section 301 preemption is not absolute:

> [N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 other provisions of the federal labor law. . . . Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

Id. at 211-12. "In order to help preserve state authority in areas involving minimum labor standards, the Supreme Court has distinguished between claims that require interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000) (citing Livadas v. Bradshaw, 512 U.S. 107, 123-26, 114 S. Ct. 2068, 129 L. Ed. 2d 93 (1994)). In particular, "when the meaning of contract

JS-6
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-1344 PA (KKx) | Date | July 25, 2019 |
|---|---|---|---|
| Title | Penny Gardner v. Durham D and M LLC, et al. | | |

terms is not subject to dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas, 512 U.S. at 124 (citing Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 n.12, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988)).

"[E]ven if dispute resolution pursuant to a collective-bargaining agreement, on one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 preemption purposes." Lingle, 486 U.S. at 409-10. Accordingly, preemption under section 301 requires a two-step analysis. Alaska Airlines Inc. v. Schurke, 898 F.3d 904, 920-22 (9th Cir. 2018) (en banc); Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059-60 (9th Cir. 2007). First, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." Burnside, 491 F.3d at 1059. "If a claim arises entirely from a right or duty of the CBA—for example, a claim for violation of the labor agreement, whether sounding in contract or in tort—it is, in effect, a CBA dispute in state law garb, and is preempted. In such cases, the CBA is the 'only source' of the right the plaintiff seeks to vindicate." Alaska Airlines, 898 F.3d at 921 (footnote, citations, and internal quotation marks omitted). "[C]laims are not simply CBA disputes by another name, and so are not preempted under this first step, if they just refer to a CBA-defined right; rely in part on a CBA's terms of employment; run parallel to a CBA violation; or invite use of the CBA as a defense." Id. (citations omitted).

If the right asserted by the plaintiff is conferred by state law, the Court proceeds to the second step, in which it must determine whether the plaintiff's claim is nevertheless "substantially dependent on analysis of a collective bargaining agreement." Burnside, 491 F.3d at 1059 (quoting Caterpillar, 482 U.S. at 394). If the claim requires the court to "interpret," rather than merely "look to," the collective bargaining agreement, then the claim is substantially dependent thereon and is preempted by section 301. Id. at 1060. "The plaintiff's claim is the touchstone for this analysis; the need to interpret the collective bargaining agreement must inhere in the nature of the plaintiff's claim." Detabali v. St. Luke's Hosp., 482 F.3d 1199, 1203 (9th Cir. 2007) (alteration omitted) (quoting Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001) (en banc))). "[It is not] enough that resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language—for example, to discern that none of its terms is reasonably in dispute; to identify bargained-for wage rates in computing a penalty; or to determine whether the CBA contains a clear and unmistakable waiver of state law rights." Alaska Airlines, 898 F.3d at 921-22 (alterations, citations, and internal quotation marks omitted).

Plaintiff asserts a single claim for failure to timely pay wages in violation of California Labor Code section 204, alleging:

> Defendant failed in its affirmative obligation to timely pay wages to employees. Defendant, as a matter of policy and practice, paid

JS-6
# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-1344 PA (KKx) | Date | July 25, 2019 |
|---|---|---|---|
| Title | Penny Gardner v. Durham D and M LLC, et al. | | |

> employees on a bi-weekly basis and thus is subject to the timing
> requirements of Labor Code section 204. As a pattern and practice,
> Defendant had a consistent policy of paying the wages of its employees
> beyond the time limits as allowed pursuant to Labor Code section 204.

(Compl. ¶ 16.) Contrary to Defendant's suggestion, Plaintiff clearly asserts a violation of a right conferred by state law rather than the CBAs. Defendant argues that Plaintiff's claim actually arises under the CBAs because Labor Code section 204 allows the statutory provisions to be displaced by a collective bargaining agreement, and that the CBAs have their own provisions with respect to timing of payment. (Notice of Removal ¶¶ 18-21; see Cozza Decl. Exs. A, B.) Under section 204, all wages generally "are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays" within ranges set by the statute. Cal. Labor Code § 204(a). "However, when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees." Id. § 204(c). Defendant thus is correct that the statute may allow Defendant to supersede its requirements with the CBAs. Nonetheless, Plaintiff's claim is not preempted just because it might run parallel to a CBA violation or invite use of the CBA as a defense. See Alaska Airlines, 898 F.3d at 921. The Court therefore must proceed to the second step of the preemption analysis. See Peters v. RFI Enters., Inc., No. 18-cv-02771-BLF, 2018 WL 3869565, at *7 (N.D. Cal. Aug. 15, 2018) ("[T]he mere assertion of Section 204(c) as an affirmative defense does not create LMRA § 301 preemption under [the first] step. . . . Section 204(a) confers specific rights on employees, independent of the existence of a CBA. Invocation of an exemption based on provisions in a CBA does not transform those state-law rights into rights conferred by the CBA." (citation omitted)).

The Court also disagrees with Defendant that Plaintiff's claim requires interpretation of the CBAs. (See Notice of Removal ¶¶ 22-31.) "Where a party defends a state cause of action on the ground that the plaintiff's union has bargained away the state law right at issue, the CBA must include clear and unmistakable language waiving the covered employees' state right for a court even to consider whether it could be given effect. Thus, a court may look to the CBA to determine whether it contains a clear and unmistakable waiver of state law rights without triggering § 301 preemption." Cramer, 255 F.3d at 692 (citation and internal quotation marks omitted)). Here, the CBAs provided by Defendant states that "[a]ll pay checks will be distributed every other Friday. The pay checks distributed on a Friday will cover all monies due the driver through the last day of the preceding pay period. In the event payday falls on a holiday, the paychecks shall be distributed on the prior workday." (Cozza Decl. Ex. A at 22, Docket No. 5 at 27; Cozza Decl. Ex. B at 21, Docket No. 5 at 70.) "[T]he [CBAs'] provisions related to the timing of wage payments are unambiguous, and thus a court need not interpret the [CBAs] to determine whether the [Labor Code section 204(c)] exemption applies. . . . [T]he relevant provisions the [CBAs] . . . include are clear on their faces. Whether such provisions can . . . constitute a 'different pay arrangement' is a question of state law, dependent on interpretation of Section 204, not on interpretation of the CBA." See Peters, 2018 WL 3869565, at *7 (citing Alaska Airlines, 898 F.3d 904; Gregory v. SCIE, LLC, 317 F.3d 1050, 1052-53 (9th Cir. 2003)). Plaintiff's claim fails the second

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-1344 PA (KKx) | Date | July 25, 2019 |
|---|---|---|---|
| Title | Penny Gardner v. Durham D and M LLC, et al. | | |

prong of the LMRA section 301 preemption test and therefore cannot serve as a basis for federal question jurisdiction.

      Accordingly, the Court concludes that Defendant has failed to satisfy its burden to establish that section 301 of the LMRA preempts Plaintiff's state-law claim or that there is any other basis to confer federal question jurisdiction. For the foregoing reasons, the Court remands this action to San Bernardino County Superior Court, Case No. CIVDS1917372, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.